UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 15-10356-DPW

UNITED STATES OF AMERICA

v.

JACK VENTOLA

**MEMORANDUM AND ORDER RE:
THIRD-PARTIES MICHAEL BRUNO'S AND
MARIE BRUNO'S MOTION TO QUASH
(DOCKET ENTRY # 84)**

**May 23, 2017**

**BOWLER, U.S.M.J.**

Pending before this court is a motion filed by the subjects of two, pretrial subpoenas duces tecum, Michael and Marie Bruno ("the Brunos"), that the Deputy Clerk issued based on an application filed ex parte by defendant Jack Ventola ("defendant"). (Docket Entry # 84). The application to this court described the subpoenas only in general terms. It also articulated the relevance, admissibility, and specificity requirements in United States v. Nixon, 418 U.S. 683, 699 (1974). (Docket Entry # 81).

The Brunos move to quash the subpoenas duces tecum (Docket Entry # 84) and, "[f]or the reasons articulated in the Brunos' memorandum" (Docket Entry # 85), the government concurs (Docket

Entry # 86). Defendant opposes the motion on a number of grounds and further contends that the government lacks standing to challenge the third party subpoenas. After conducting a hearing on May 16, 2017, this court took the motion (Docket Entry # 84) under advisement. Familiarity with the facts is presumed.

DISCUSSION

Federal Rule of Criminal Procedure 17(c) ("Rule 17(c)") allows a defendant to file requests for subpoenas duces tecum that are returnable prior to trial. See United States v. Kravetz, 706 F.3d 47, 53 n.2 (1st Cir. 2013) (Rule 17(c) "contemplates subpoenas duces tecum returnable either at or prior to trial"). One of the "fundamental characteristics of the subpoena duces tecum in criminal cases" is that "it was not intended to provide a means of discovery for criminal cases." United States v. Nixon, 418 U.S. at 698; accord United States v. Henry, 482 F.3d 27, 30 (1st Cir. 2007). A Rule 17(c) subpoena duces tecum applicant must show, inter alia, that "the application is made in good faith and is not intended as a general 'fishing expedition.'" United States v. Nixon, 418 U.S. at 700.

To obtain a subpoena duces tecum under the rule, defendant, as the party seeking production, has the burden to "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Id. The subpoenas to the Brunos broadly request "any and all"

2

documents during a six-year time period for 17 entities. The requests therefore fail the specificity hurdle, invariably include matters that are not admissible, and amount to "a general discovery device." United States v. Henry, 482 F.3d at 30; see, e.g., United States v. Manghis, 2010 WL 349583, at *2 (D.Mass. Jan. 22, 2010) (subpoena duces tecum "request for 'any and all documents' relating to the CBP and FWS's interpretation and implementation of certain regulatory provisions is overbroad and amounts to little more than a fishing expedition"); United States v. Louis, 2005 WL 180885, at *5-6 (S.D.N.Y. Jan. 27, 2005) (allowing motion to quash Rule 17(c) subpoenas that sought "'any and all' documents relating to several categories of subject matter (some of them quite large), rather than specific evidentiary items"). The breadth of the subpoenas likewise establishes that defendant intended the subpoenas to operate as a general fishing expedition. See United States v. Nixon, 418 U.S. at 700.

Defendant nevertheless submits that the approval of the ex parte application and the issuance of the subpoenas by the Deputy Clerk "for completion and service by defense counsel" (Docket Entry # 90, p. 4) established satisfaction of the Nixon standard. Although the application described the nature of the documents sought in general, the application did not attach the schedule that defense counsel subsequently completed. Consequently, this

court did not review the expansive language in the schedules eventually served on the Brunos. Moreover, Rule 17(c) expressly provides a "check on the judicial issuance of a pre-trial subpoena duces tecum--a motion to quash or modify by the subpoenaed party." U.S. v. Beckford, 964 F.Supp. 1010, 1028 (E.D. Va. 1997) (examining similar, albeit prior, version of Rule 17(c)). As stated in Beckford, "Where," as here, "the subpoenaed party brings a motion to quash or modify, the court *must reconsider the Nixon standard* in determining whether 'compliance with the subpoena would be unreasonable or oppressive.'" Id. (quoting Rule 17(c) and citing Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951)) (emphasis added). Having reexamined the Nixon standard with the benefit of the Brunos' brief, this court is convinced that the subpoenas amount to a fishing expedition and fail to satisfy all of the Nixon requirements. Furthermore, the sheer breadth of the subpoenas duces tecum renders it more appropriate to quash rather than modify the subpoenas. Accordingly, based on the arguments presented by the Brunos, the subpoenas are quashed.

In arriving at this ruling, this court considered the ex parte memorandum (Docket Entry # 108) recently filed by defendant. See United States v. Kravetz, 706 F.3d at 53 n.4 (text of Rule 17(c) "does not expressly prohibit ex parte requests"). Although the government objects to shielding the

subpoena process from the government's view, the remaining subjects of the subpoena identified in the sole, ex parte application filed motions to quash. (Docket Entry ## 106, 109). The government's request is therefore denied without prejudice to be renewed in the event this court denies these motions to quash. Defendant is not precluded from submitting another application with the caveat that use of the ex parte process is generally not favored by this court. Defendant's argument that the government lacks standing is moot because this court only considered and relied on the Brunos' arguments in allowing the motion to quash.

## CONCLUSION

In accordance with the foregoing discussion, the motion to quash (Docket Entry # 84) is **ALLOWED**.

                                           /s/ Marianne B. Bowler
                                          **MARIANNE B. BOWLER**
                                          United States Magistrate Judge